ORIGINAL

1   THOMAS E. FRANKOVICH (State Bar No. 074414)
    THOMAS E. FRANKOVICH,
2   *A Professional Law Corporation*
    4328 Redwood Hwy., Suite 300
3   San Rafael, CA 94903
    Telephone:    415/674-8600
4   Facsimile:    415/674-9900
    Attorneys for Plaintiffs
5   CRAIG YATES
    and DISABILITY RIGHTS
6   ENFORCEMENT, EDUCATION,
    SERVICES: HELPING YOU
7   HELP OTHERS

8

9                   UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11  CRAIG YATES, an individual; and          )   CASE NO.
    DISABILITY RIGHTS, ENFORCEMENT,          )   Civil Rights 08      3914
12  EDUCATION, SERVICES:HELPING YOU          )
    HELP OTHERS, a California public benefit  )   COMPLAINT FOR INJUNCTIVE RELIEF
13  corporation,                             )   AND DAMAGES:
                                             )
14          Plaintiffs,                      )   **1st CAUSE OF ACTION:** For Denial of Access
                                             )   by a Public Accommodation in Violation of the
15  v.                                       )   Americans with Disabilities Act of 1990 (42
                                             )   U.S.C. §12101, *et seq.*)
16                                           )
                                             )   **2nd CAUSE OF ACTION:** For Denial of Full
17  TEQUILA GRILL;                           )   and Equal Access in Violation of California
    CARMEN HERNANDEZ, RAFAEL                 )   Civil Code §§54, 54.1 and 54.3
18  HERNANDEZ, CARMELITA                     )
    HERNANDEZ-RIVERA, GERARDO                )   **3rd CAUSE OF ACTION:** For Denial of
19  RIVERA, individuals dba TEQUILA          )   Accessible Sanitary Facilities in Violation of
    GRILL,                                   )   California Health & Safety Code §19955, *et seq.*
20                                           )
                                             )   **4th CAUSE OF ACTION:** For Denial of
21          Defendants.                      )   Access to Full and Equal Accommodations,
                                             )   Advantages, Facilities, Privileges and/or
22  _____      )   Services in Violation of California Civil Code
                                                 §51, *et seq.* (The Unruh Civil Rights Act)
23

24

25                                               **DEMAND FOR JURY**

26                                               

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

1    Plaintiffs CRAIG YATES, an individual; and DISABILITY RIGHTS, ENFORCEMENT,

2  EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit

3  corporation (hereinafter sometimes referred to as "DREES"), complain of defendants

4  CARMEN HERNANDEZ, RAFAEL HERNANDEZ, CARMELITA HERNANDEZ-RIVERA,

5  GERARDO RIVERA, individuals dba TEQUILA GRILL and allege as follows:

6  **INTRODUCTION:**

7    1.    This is a civil rights action for discrimination against persons with physical

8  disabilities, of which class plaintiff CRAIG YATES and the membership of DREES are

9  members, for failure to remove architectural barriers structural in nature at defendants'

10  TEQUILA GRILL, a place of public accommodation, thereby discriminatorily denying plaintiffs

11  and the class of other similarly situated persons with physical disabilities access to, the full and

12  equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services,

13  and accommodations thereof.  Plaintiffs seek injunctive relief and damages pursuant to the

14  Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51,

15  51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

16    2.    Plaintiff CRAIG YATES  is a person with physical disabilities who, on or about

17  May 16, 2007, May 23, 2007, July 5, 2007, May 12, 2008 and July 16, 2008, was an invitee,

18  guest, patron, customer at defendants' TEQUILA GRILL, in the City of San Leandro, California.

19  At said time and place, defendants failed to provide proper legal access to the grill which is a

20  "public accommodation" and/or a "public facility" including, but not limited to the entrance,

21  men's restroom, women's restroom and dining area .  The denial of access was in violation of

22  both federal and California legal requirements, and plaintiff CRAIG YATES suffered violation

23  of his civil rights to full and equal access, and was embarrassed and humiliated.

24  **JURISDICTION AND VENUE:**

25    3.    **Jurisdiction:**  This Court has jurisdiction of this action pursuant to 28 U.S.C.

26  §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*

27  Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same

28  nucleus of operative facts and arising out of the same transactions, are also brought under parallel

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  California law, whose goals are closely tied with the ADA, including but not limited to violations

2  of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et*

3  *seq.*, including §19959; Title 24 California Building Standards Code.

4          4.    **Venue:**  Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is

5  founded on the facts that the real property which is the subject of this action is located at/near

6  1350 East 14th Street , in the City of San Leandro, County of Alameda, State of California, and

7  that plaintiffs' causes of action arose in this county.

8  **PARTIES:**

9          5.    Plaintiff CRAIG YATES is a "physically handicapped person", a "physically

10  disabled person", and a "person with physical disabilities" (hereinafter the terms "physically

11  disabled", "physically handicapped" and "person with physical disabilities" are used

12  interchangeably, as these words have similar or identical common usage and legal meaning, but

13  the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically

14  handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other

15  statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff

16  CRAIG YATES is a "person with physical disabilities", as defined by all applicable California

17  and United States laws. Plaintiff is a triplegic. Plaintiff CRAIG YATES requires the use of a

18  wheelchair to travel about in public. Consequently, plaintiff CRAIG YATES is a member of that

19  portion of the public whose rights are protected by the provisions of Health & Safety Code

20  §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped

21  Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the

22  Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C.

23  §12101, *et seq.*

24          6.    Plaintiff DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:

25  HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3)) organization that works

26  with persons with disabilities to empower them to be independent in American society. DREES

27  accomplishes its goals and purposes through education on disability issues, enforcement of the

28  rights of persons with disabilities, and the provision of services to persons with disabilities, the

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    general public, public agencies and the private business sector. DREES brings this action on

2    behalf of its members, many of whom are persons with physical disabilities and whom have

3    standing in their right to bring this action.

4         7.        That members of DREES, like plaintiff CRAIG YATES, will or have been guests

5    and invitees at the subject TEQUILA GRILL, and that the interests of plaintiff DREES in

6    removing architectural barriers at the subject TEQUILA GRILL advance the purposes of DREES

7    to assure that all public accommodations, including the subject TEQUILA GRILL, are accessible

8    to independent use by mobility-impaired persons. The relief sought by plaintiff DREES as

9    alleged herein is purely statutory in nature.

10        8.        Defendants CARMEN HERNANDEZ, RAFAEL HERNANDEZ, CARMELITA

11   HERNANDEZ-RIVERA, GERARDO RIVERA, individuals dba TEQUILA GRILL (hereinafter

12   alternatively collectively referred to as "defendants") are the owners and operators, lessors and/or

13   lessees, or agents of the owners, lessors and/or lessees, of the public accommodation known as

14   the TEQUILA GRILL, located at/near 1350 East 14th Street, San Leandro, California, or of the

15   building and/or buildings which constitute said public accommodation.

16        9.        At all times relevant to this complaint, defendants CARMEN HERNANDEZ,

17   RAFAEL HERNANDEZ, CARMELITA HERNANDEZ-RIVERA, GERARDO RIVERA,

18   individuals dba TEQUILA GRILL , own and operate in joint venture the subject TEQUILA

19   GRILL as a public accommodation. This business is open to the general public and conducts

20   business therein. The business is a "public accommodation" or "public facility" subject to the

21   requirements of California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955,

22   *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    10.    At all times relevant to this complaint, defendants CARMEN HERNANDEZ,

2  RAFAEL HERNANDEZ, CARMELITA HERNANDEZ-RIVERA, GERARDO RIVERA,

3  individuals dba TEQUILA GRILL are jointly and severally responsible to identify and remove

4  architectural barriers at the subject TEQUILA GRILL pursuant to Code of Federal Regulations

5  title 28, section 36.201(b), which states in pertinent part:

6         **§ 36.201      General**

7             (b) *Landlord and tenant responsibilities.* Both the landlord
           who owns the building that houses a place of public
8           accommodation and the tenant who owns or operates the place of
           public accommodation are public accommodations subject to the
9           requirements of this part.  As between the parties, allocation of
           responsibility for complying with the obligations of this part may
10          be determined by lease or other contract.

11            28 CFR §36.201(b)

12  **PRELIMINARY FACTUAL ALLEGATIONS:**

13    11.    The TEQUILA GRILL, is a grill, located at/near 1350 East 14th Street, San

14  Leandro, California.  The TEQUILA GRILL, its entrance, men's restroom, women's restroom,

15  dining area and its other facilities are each a "place of public accommodation or facility" subject

16  to the barrier removal requirements of the Americans with Disabilities Act.  On information and

17  belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and

18  additions", each of which has subjected the TEQUILA GRILL  and each of its facilities, its

19  entrance, men's restroom, women's restroom and dining area to disability access requirements

20  per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and Title 24 of the

21  California Code of regulations (Title 24).

22    12.    At all times stated herein, plaintiff CRAIG YATES  was a member of DREES.

23    13.    At all times referred to herein and continuing to the present time, defendants, and

24  each of them, advertised, publicized and held out the TEQUILA GRILL as being handicapped

25  accessible and handicapped usable.

26    14.    On or about May 16, 2007, May 23, 2007, July 5, 2007, May 12, 2008 and

27  July 16, 2008, plaintiff CRAIG YATES was an invitee and guest at the subject TEQUILA

28  GRILL, for purposes of having food and beverage.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

15.    On or about May 16, 2007, plaintiff CRAIG YATES entered the parking lot serving the TEQUILA GRILL. There was no properly marked van accessible parking.

16.    At said time and place, plaintiff CRAIG YATES attempted to enter the front entrance of TEQUILA GRILL. Plaintiff struggled with the primary entrance due to the excessive door pressure.

17.    At said time and place, plaintiff CRAIG YATES was seated at an inaccessible table.

18.    At said time and place, plaintiff CRAIG YATES needed to use the men's restroom but was blocked from so doing due to a privacy wall, which served as a barrier accessing the water closet to the men's restroom. Plaintiff CRAIG YATES was unable to completely enter the men's restroom; therefore, plaintiff CRAIG YATES could not use the restroom.

19.    On or about May 23, 2007, plaintiff CRAIG YATES returned to the TEQUILA GRILL and encountered a quick shutting rear door.

20.    On or about June 27, 2007, plaintiff CRAIG YATES wrote both the landlord and the tenant about the access issues. Plaintiff CRAIG YATES never received a response.

21.    On or about July 5, 2007, plaintiff CRAIG YATES returned to the TEQUILA GRILL and plaintiff encountered all the same barriers as on all prior occasions. The rear door rapidly closed after being open.

22.    On or about May 12, 2008, plaintiff CRAIG YATES assumed that more than enough time had lapsed for remedial work to have been done. Plaintiff CRAIG YATES was disappointed.

23.    At said time and place, plaintiff CRAIG YATES pulled into the parking lot. There was no van accessible parking. While the parking lot appeared to be owned by the city, nonetheless, the striping was wrong.

24.    At said time and place, plaintiff CRAIG YATES entered the restaurant through the rear entrance. Plaintiff CRAIG YATES again was seated at an inaccessible table.

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

25.    When plaintiff CRAIG YATES needed to use the men's restroom, plaintiff CRAIG YATES was prevented due to the wing wall which blocks a wheelchair user from fully entering the men's restroom.

26.    On or about July 16, 2008, plaintiff CRAIG YATES returned to the TEQUILA GRILL. Plaintiff CRAIG YATES noted during his course of stay, that no remedial measures had been done. All the architectural barriers that he encountered on all prior visits were still existing.

27.    Therefore, at said time(s) and place, plaintiff CRAIG YATES, a person with a disability, encountered the following inaccessible elements of the subject TEQUILA GRILL which constituted architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities including, but not limited to:

   a.    lack of directional signage to show accessible routes of travel, i.e. entrances;

   b.    lack of an accessible entrance;

   c.    lack of an accessible dining area; 5% compliance requirement;

   d.    lack of a handicapped-accessible women's public restroom;

   e.    lack of a handicapped-accessible men's public restroom; and

   f.    On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

28.    At all times stated herein, the existence of architectural barriers at defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

29.    On or about June 27, 2007, defendant(s) were sent two (2) letters by or on behalf of plaintiff CRAIG YATES advising of the existence of architectural barriers, requesting a response within 14 days and requesting remedial measures be undertaken within 90 days or an explanation of why the time limit set could not be met and/or extenuating circumstances. Said letters are attached hereto collectively as exhibit "A" and incorporated by reference as though fully set forth herein.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  Defendants' failure to respond evidenced an intent not to seek or engage in an early and
2  reasonable resolution of the matter.

3       30.    At all times stated herein, defendants, and each of them, did not act as reasonable
4  and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not
5  removing architectural barriers that would foreseeably prevent plaintiff CRAIG YATES  from
6  receiving the same goods and services as able bodied people and some of which may and did pose
7  a threat of harm and/or personal injury to people with disabilities.  Therefore as a legal result of
8  defendants breach of duty to remove those barriers encountered by plaintiff, plaintiff was denied
9  access to certain elements of the restaurant.

10       31.    As a legal result of defendants CARMEN HERNANDEZ, RAFAEL
11  HERNANDEZ, CARMELITA HERNANDEZ-RIVERA, GERARDO RIVERA, individuals dba
12  TEQUILA GRILL 's failure to act as a reasonable and prudent public accommodation in
13  identifying, removing or creating architectural barriers, policies, practices and procedures that
14  denied access to plaintiffs and other persons with disabilities, plaintiffs suffered the damages as
15  alleged herein.

16       32.    As a further legal result of the actions and failure to act of defendants, and as a
17  legal result of the failure to provide proper handicapped-accessible public facilities as set forth
18  herein, plaintiffs were denied their civil rights to full and equal access to public facilities. Plaintiff
19  CRAIG YATES  suffered a loss of his civil rights and his rights as a person with physical
20  disabilities to full and equal access to public facilities.

21       33.    Further, plaintiff CRAIG YATES suffered emotional distress, mental distress,
22  mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation,
23  embarrassment, anger, disappointment and worry, expectedly and naturally associated with a
24  person with physical disabilities being denied access, all to his damages as prayed hereinafter in
25  an amount within the jurisdiction of this court. No claim is being made for mental and emotional
26  distress over and above that usually associated with the discrimination and physical injuries
27  claimed, and no expert testimony regarding this usual mental and emotional distress will be
28  presented at trial in support of the claim for damages.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

34.    Defendants', and each of their, failure to remove the architectural barriers complained of herein created, at the time of plaintiff CRAIG YATES's first visit to said public accommodation, and continues to create continuous and repeated exposure to substantially the same general harmful conditions which caused plaintiff CRAIG YATES harm as stated herein.

35.    Plaintiff CRAIG YATES and the membership of DREES were denied their rights to equal access to a public facility by defendants CARMEN HERNANDEZ, RAFAEL HERNANDEZ, CARMELITA HERNANDEZ-RIVERA, GERARDO RIVERA, individuals dba TEQUILA GRILL, because defendants CARMEN HERNANDEZ, RAFAEL HERNANDEZ, CARMELITA HERNANDEZ-RIVERA, GERARDO RIVERA, individuals dba TEQUILA GRILL maintained a grill without access for persons with physical disabilities to its facilities, including but not limited to the entrance, men's restroom, women's restroom, dining area and other public areas as stated herein, and continue to the date of filing this complaint to deny equal access to plaintiffs and other persons with physical disabilities in these and other ways.

36.    On information and belief, construction alterations carried out by defendants have also triggered access requirements under both California law and the Americans with Disabilities Act of 1990.

37.    Plaintiffs, as described hereinbelow, seek injunctive relief to require the TEQUILA GRILL to be made accessible to meet the requirements of both California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants operate the grill as a public facility.

38.    Plaintiffs seek damages for violation of their civil rights on May 16, 2007, May 23, 2007, July 5, 2007, May 12, 2008 and July 16, 2008, and they seek statutory damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day after his visit that the trier of fact (court/jury) determines was the date that some or all remedial work should have been completed under the standard that the landlord and tenant had an ongoing duty to identify and remove architectural barriers where it was readily achievable to do so, which deterred plaintiff CRAIG YATES from returning to the subject public accommodation because of his knowledge and/or belief that neither some or all architectural

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  barriers had been removed and that said premises remains inaccessible to persons with disabilities

2  whether a wheelchair user or otherwise.

3      39.    On information and belief, defendants have been negligent in their affirmative duty

4  to identify the architectural barriers complained of herein and negligent in the removal of some or

5  all of said barriers.

6      40.    Because of defendants' violations, plaintiffs and other persons with physical

7  disabilities are unable to use public facilities such as those owned and operated by defendants on a

8  "full and equal" basis unless such facility is in compliance with the provisions of the Americans

9  with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and

10  other accessibility law as plead herein.  Plaintiffs seek an order from this court compelling

11  defendants to make the TEQUILA GRILL  accessible to persons with disabilities.

12      41.    On information and belief, defendants have intentionally undertaken to modify and

13  alter existing building(s), and have failed to make them comply with accessibility requirements

14  under the requirements of ADAAG and Title 24.  The acts and omission of defendants, and each

15  of them, in failing to provide the required accessible public facilities at the time of plaintiff's visit

16  and injuries, indicate actual and implied malice toward plaintiffs, and despicable conduct carried

17  out by defendants, and each of them, with a willful and conscious disregard for the rights and

18  safety of plaintiffs and other similarly situated persons, and justify a trebling of damages as

19  provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of

20  defendants, and each of them, to other operators of other grills and other public facilities, and to

21  punish defendants and to carry out the purposes of  the Civil Code §§ 51, 51.5 and 54.

22      42.    Plaintiffs are informed and believe and therefore allege that defendants

23  CARMEN HERNANDEZ, RAFAEL HERNANDEZ, CARMELITA HERNANDEZ-RIVERA,

24  GERARDO RIVERA, individuals dba TEQUILA GRILL, and each of them, caused the subject

25  building(s) which constitute the TEQUILA GRILL  to be constructed, altered and maintained in

26  such a manner that persons with physical disabilities were denied full and equal access to, within

27  and throughout said building(s) of the grill  and were denied full and equal use of said public

28  facilities.  Furthermore, on information and belief, defendants have continued to maintain and

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1 | operate said grill and/or its building(s) in such conditions up to the present time, despite actual
2 | and constructive notice to such defendants that the configuration of the TEQUILA GRILL and/or
3 | its building(s) is in violation of the civil rights of persons with physical disabilities, such as
4 | plaintiff CRAIG YATES, the membership of plaintiff DREES and the disability community
5 | which DREES serves. Such construction, modification, ownership, operation, maintenance and
6 | practices of such public facilities are in violation of Civil Code §§51, 51.5 and 54, Health and
7 | Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

8 |      43.    On personal knowledge, information and belief, the basis of defendants' actual and
9 | constructive notice that the physical configuration of the facilities including, but not limited to,
10 | architectural barriers constituting the TEQUILA GRILL and/or building(s) was in violation of the
11 | civil rights of persons with physical disabilities, such as plaintiffs, includes, but is not limited to,
12 | communications with invitees and guests, plaintiff CRAIG YATES himself, owners of other
13 | restaurants, hotels, motels and businesses, notices they obtained from governmental agencies upon
14 | modification, improvement, or substantial repair of the subject premises and other properties
15 | owned by these defendants, newspaper articles and trade publications regarding the Americans
16 | with Disabilities Act of 1990 and other access laws, public service announcements by former U.S.
17 | Attorney General Janet Reno between 1993 and 2000, and other similar information. Defendants'
18 | failure, under state and federal law, to make the TEQUILA GRILL accessible is further evidence
19 | of defendants' conscious disregard for the rights of plaintiff and other similarly situated persons
20 | with disabilities. Despite being informed of such effect on plaintiff and other persons with
21 | physical disabilities due to the lack of accessible facilities, defendants, and each of them,
22 | knowingly and willfully refused to take any steps to rectify the situation and to provide full and
23 | equal access for plaintiffs and other persons with physical disabilities to the grill. Said
24 | defendants, and each of them, have continued such practices, in conscious disregard for the rights
25 | of plaintiffs and other persons with physical disabilities, up to the date of filing of this complaint,
26 | and continuing thereon. Defendants had further actual knowledge of the architectural barriers
27 | referred to herein by virtue of the demand letter addressed to the defendants and served
28 | concurrently with the summons and complaint. Said conduct, with knowledge of the effect it was

1   and is having on plaintiffs and other persons with physical disabilities, constitutes despicable

2   conduct in conscious disregard of the rights and safety of plaintiffs and of other similarly situated

3   persons, justifying the imposition of treble damages per Civil Code §§52 and 54.3.

4          44.    Plaintiff CRAIG YATES and plaintiff DREES, on behalf of its membership and

5   the disability community which it serves, consisting of persons with disabilities, would, could and

6   will return to the subject public accommodation when it is made accessible to persons with

7   disabilities.

8   I.     **FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC**
           **ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**
9          **DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
           (On behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT,
10         EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
           corporation and Against Defendants CARMEN HERNANDEZ, RAFAEL HERNANDEZ,
11         CARMELITA HERNANDEZ-RIVERA, GERARDO RIVERA, individuals dba
           TEQUILA GRILL , inclusive)
12         (42 U.S.C. §12101, *et seq.*)

13         45.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the

14   allegations contained in paragraphs 1 through 44 of this complaint.

15         46.    Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C.

16   §12101 regarding persons with physical disabilities, finding that laws were needed to more fully

17   protect:

18                 some 43 million Americans with one or more physical or mental
                   disabilities; [that] historically society has tended to isolate and
19                 segregate individuals with disabilities; [that] such forms of
                   discrimination against individuals with disabilities continue to be a
20                 serious and pervasive social problem; [that] the nation's proper
                   goals regarding individuals with disabilities are to assure equality of
21                 opportunity, full participation, independent living and economic
                   self-sufficiency for such individuals; [and that] the continuing
22                 existence of unfair and unnecessary discrimination and prejudice
                   denies people with disabilities the opportunity to compete on an
23                 equal basis and to pursue those opportunities for which our free
                   society is justifiably famous.
24   ///

25   ///

26   ///

27   ///

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

47.    Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

48.    As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public accommodations identified for purposes of this title was:

> (7)    PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
> ---
> (B) a restaurant, bar or other establishment serving food or drink.

42 U.S.C. §12181(7)(B)

49.    Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

13

50.    The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

(I)    the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

(ii)    a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

(iii)    a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

(iv)    a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

(v)    where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of defendants set forth herein were a violation of plaintiffs' rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

///

///

///

///

1    51.    The removal of the barriers complained of by plaintiffs as hereinabove alleged was

2  at all times after January 26, 1992 "readily achievable" as to the subject building(s) of TEQUILA

3  GRILL pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On information and belief, if the removal

4  of all the barriers complained of herein together was not "readily achievable," the removal of each

5  individual barrier complained of herein was "readily achievable."  On information and belief,

6  defendants' failure to remove said barriers was likewise due to discriminatory practices,

7  procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

8    52.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily

9  accomplishable and able to be carried out without much difficulty or expense."  The statute

10  defines relative "expense" in part in relation to the total financial resources of the entities

11  involved.  Plaintiffs allege that properly repairing, modifying, or altering each of the items that

12  plaintiffs complain of herein were and are "readily achievable" by the defendants under the

13  standards set forth under §301(9) of the Americans with Disabilities Act.  Furthermore, if it was

14  not "readily achievable" for defendants to remove each of such barriers, defendants have failed to

15  make the required services available through alternative methods which were readily achievable.

16    53.    On information and belief, construction work on, and modifications of, the subject

17  building(s) of the TEQUILA GRILL occurred after the compliance date for the Americans with

18  Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of

19  the ADA.

20    54.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et*

21  *seq.*, plaintiffs are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights

22  Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiffs are being subjected to discrimination on the

23  basis of disability in violation of this title or have reasonable grounds for believing that plaintiffs

24  are about to be subjected to discrimination in violation of §302.  Plaintiffs are deterred from

25  returning to or making use of the public facilities complained of herein so long as the premises

26  and defendants' policies bar full and equal use by persons with physical disabilities.

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

55.    42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions". Pursuant to this section, plaintiff CRAIG YATES has not returned to defendants' premises since on or about July 16, 2008, but on information and belief, alleges that defendants have continued to violate the law and deny the rights of plaintiffs and of other persons with physical disabilities to access this public accommodation.  Pursuant to 42 USC §12188(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title".

56.    Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees.  Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

**II.    SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants CARMEN HERNANDEZ, RAFAEL HERNANDEZ, CARMELITA HERNANDEZ-RIVERA, GERARDO RIVERA, individuals dba TEQUILA GRILL , inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.)*

57.    Plaintiffs replead and incorporate by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 56 of this complaint.

///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

16

58.    At all times relevant to this action, California Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability.  This section provides that:

> (a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

59.    California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

Civil Code §54.1(a)(1)

60.    California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

Civil Code §54.1(d)

61.    Plaintiff CRAIG YATES and the membership of plaintiff DREES are persons within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the defendants, and each of them, as prescribed by Civil Code §§54 and 54.1.  Each specific architectural barrier which defendants knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil Code §§54 and 54.1.  Plaintiffs have been and continue to be denied full and equal access to defendants' TEQUILA GRILL.  As a legal result,

1  plaintiffs are entitled to seek damages pursuant to a court or jury determination, in accordance

2  with California Civil Code §54.3(a) for each day on which they visited or have been deterred from

3  visiting the TEQUILA GRILL because of their knowledge and belief that the TEQUILA GRILL is

4  inaccessible to persons with disabilities.  California Civil Code §54.3(a) provides:

5          Any person or persons, firm or corporation, who denies or interferes
            with admittance to or enjoyment of the public facilities as specified
6          in Sections 54 and 54.1 or otherwise interferes with the rights of an
            individual with a disability under Sections 54, 54.1 and 54.2 is
7          liable for each offense for the actual damages and any amount as
            may be determined by a jury, or the court sitting without a jury, up
8          to a maximum of three times the amount of actual damages but in
            no case less than . . .one thousand dollars ($1,000) and . . .
9          attorney's fees as may be determined by the court in addition
            thereto, suffered by any person denied any of the rights provided in
10         Sections 54, 54.1 and 54.2.

11         Civil Code §54.3(a)

12         62.    On or about May 16, 2007, May 23, 2007, July 5, 2007, May 12, 2008 and

13  July 16, 2008, plaintiff CRAIG YATES suffered violations of Civil Code §§54 and 54.1 in that

14  plaintiff CRAIG YATES was denied access to the entrance, men's restroom, women's restroom,

15  dining area and other public facilities as stated herein at the TEQUILA GRILL and on the basis

16  that plaintiff CRAIG YATES was a person with physical disabilities.

17         63.    As a result of the denial of equal access to defendants' facilities due to the acts and

18  omissions of defendants, and each of them, in owning, operating and maintaining these subject

19  public facilities, plaintiffs suffered violations of plaintiffs' civil rights, including but not limited to

20  rights under Civil Code §§54, 54.1 and 54.3.

21         64.    Further, plaintiff CRAIG YATES suffered mental distress, mental suffering, mental

22  anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment

23  and worry, all of which are expectedly and naturally associated with a denial of access to a person

24  with physical disabilities, all to plaintiff's damages as hereinafter stated.  Defendants' actions and

25  omissions to act constituted discrimination against plaintiff on the sole basis that plaintiffs are

26  persons or an entity that represents persons with physical disabilities and unable, because of the

27  architectural barriers created and maintained by the defendants in violation of the subject laws, to

28  use the public facilities hereinabove described on a full and equal basis as other persons.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1      65.    Plaintiffs have been damaged by defendants', and each of their, wrongful conduct

2 and seeks the relief that is afforded by Civil Code §§54 and 54.1 and 54.3 for violation of

3 plaintiffs' rights as persons or an entity that represents persons with physical disabilities on or

4 about May 16, 2007, May 23, 2007, July 5, 2007, May 12, 2008, and July 16, 2008, and on a

5 continuing basis since then, including statutory damages, a trebling of all of actual damages,

6 general and special damages available pursuant to §54.3 of the Civil Code according to proof.

7      66.    As a result of defendants', and each of their, acts and omissions in this regard,

8 plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce

9 plaintiffs' rights and enforce the provisions of the law protecting access for persons with physical

10 disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to

11 the provisions of Civil Code §54.3, plaintiffs therefore will seek recovery in this lawsuit for all

12 reasonable attorneys' fees and costs incurred if deemed the prevailing party. Additionally,

13 plaintiffs' lawsuit is intended not only to obtain compensation for damages to plaintiffs, but also

14 to compel the defendants to make their facilities accessible to all members of the public with

15 disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to

16 the provisions of §1021.5 of the Code of Civil Procedure.

17      Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

18 **III.    THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
19      (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
20      corporation and Against Defendants CARMEN HERNANDEZ, RAFAEL HERNANDEZ, CARMELITA HERNANDEZ-RIVERA, GERARDO RIVERA, individuals dba
21      TEQUILA GRILL, inclusive)
     (Health & Safety Code §19955, *et seq.*)
22

23      67.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the

allegations contained in paragraphs 1 through 66 of this complaint.
24

25 ///

26 ///

///
27
///
28

68.    Health & Safety Code §19955 provides in pertinent part:

> The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code.  For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers.  When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

69.    Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code . . . ."  Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all public accommodations constructed or altered after that date.  On information and belief, portions of the TEQUILA GRILL and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of the TEQUILA GRILL  and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring said TEQUILA GRILL and/or building to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

70.    Pursuant to the authority delegated by Government Code §4450, *et seq*, the State Architect promulgated regulations for the enforcement of these provisions.  Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations and/or modifications of said grill and/or the building(s) occurring after that date.  Construction changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.  On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and

1  specifications described in the American Standards Association Specifications and/or those

2  contained in Title 24 of the California Building Standards Code.

3      71.    Grills such as the TEQUILA GRILL are "public accommodations or facilities"

4  within the meaning of Health & Safety Code §19955, *et seq.*

5      72.    As a result of the actions and failure to act of defendants, and as a result of the

6  failure to provide proper and legally handicapped-accessible public facilities, plaintiffs were

7  denied plaintiffs' rights to full and equal access to public facilities and suffered a loss of plaintiffs'

8  civil rights and plaintiffs' rights as persons with physical disabilities to full and equal access to

9  public facilities.

10     73.    Attorneys' Fees -- As a result of defendants' acts and omissions in this regard,

11  plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce

12  plaintiffs' civil rights and enforce provisions of the law protecting access for the persons with

13  physical disabilities and prohibiting discrimination against the persons with physical disabilities,

14  and to take such action both in plaintiffs' own interests and in order to enforce an important right

15  affecting the public interest. Plaintiffs, therefore, seek in this lawsuit the recovery of all

16  reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure

17  §1021.5. Plaintiffs additionally seek attorneys' fees pursuant to Health & Safety Code §19953

18  and Civil Code §§54.3 and/or in the alternative, plaintiffs will seek attorneys' fees, costs and

19  litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)).

20  Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

21     74.    Plaintiffs seek injunctive relief for an order compelling defendants, and each of

22  them, to make the subject place of public accommodation readily accessible to and usable by

23  persons with disabilities.

24  ///

25  ///

26  ///

27  ///

28  ///

1    Wherefore, plaintiffs pray for damages and relief as hereinafter stated.

2  **IV.    FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND
        EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES**
3  **AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET
        SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
4      (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT,
       EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
5      corporation, and Against Defendants CARMEN HERNANDEZ, RAFAEL
       HERNANDEZ, CARMELITA HERNANDEZ-RIVERA, GERARDO RIVERA,
6      individuals dba TEQUILA GRILL,  inclusive)
       (Civil Code §51, 51.5)
7

8      75.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the

allegations contained in paragraphs 1 through 74 of this complaint.
9

10     76.    Defendants' actions and omissions and failure to act as a reasonable and prudent

public accommodation in identifying, removing and/or creating architectural barriers, policies,
11

practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The
12

Unruh Act provides:
13

14             This section shall be known, and may be cited, as the Unruh
               Civil Rights Act.

15             All persons within the jurisdiction of this state are free and
               equal, and no matter what their sex, race, color, religion, ancestry,
16             national origin, or **disability** are entitled to the full and equal
               accommodations, advantages, facilities, privileges, or services in all
17             business establishments of every kind whatsoever.

18             This section shall not be construed to confer any right or
               privilege on a person that is conditioned or limited by law or that is
19             applicable alike to persons of every sex, color, race, religion,
               ancestry, national origin, or **disability.**
20
               Nothing in this section shall be construed to require any
21             construction, alteration, repair, structural or otherwise, or
               modification of any sort whatsoever, beyond that construction,
22             alteration, repair, or modification that is otherwise required by other
               provisions of law, to any new or existing establishment, facility,
23             building, improvement, or any other structure . . . nor shall anything
               in this section be construed to augment, restrict, or alter in any way
24             the authority of the State Architect to require construction,
               alteration, repair, or modifications that the State Architect otherwise
25             possesses pursuant to other . . . laws.

26             A violation of the right of any individual under the
               Americans with Disabilities Act of 1990 (Public Law 101-336) shall
27             also constitute a violation of this section.

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the

2  "intent" of the defendants in not complying with barrier removal is not an issue.  Hence, the

3  failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or

4  failing to act to identify and remove barriers can be construed as a "negligent per se" act of

5  defendants, and each of them.

6      77.    The acts and omissions of defendants stated herein are discriminatory in nature and

7  in violation of Civil Code §51.5:

8              No business establishment of any kind whatsoever shall
               discriminate against, boycott or blacklist, refuse to buy from, sell to,
9              or trade with any person in this state because of the race, creed,
               religion, color, national origin, sex, or **disability** of the person or of
10             the person's partners, members, stockholders, directors, officers,
               managers, superintendents, agents, employees, business associates,
11             suppliers, or customers.

12             As used in this section, "person" includes any person, firm
               association, organization, partnership, business trust, corporation,
13             limited liability company, or company.

14             Nothing in this section shall be construed to require any
               construction, alteration, repair, structural or otherwise, or
15             modification of any sort whatsoever, beyond that construction,
               alteration, repair or modification that is otherwise required by other
16             provisions of law, to any new or existing establishment, facility,
               building, improvement, or any other structure . . . nor shall anything
17             in this section be construed to augment, restrict or alter in any way
               the authority of the State Architect to require construction,
18             alteration, repair, or modifications that the State Architect otherwise
               possesses pursuant to other laws.

19

20     78.    Defendants' acts and omissions as specified have denied to plaintiffs full and equal

21  accommodations, advantages, facilities, privileges and services in a business establishment, on the

22  basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act.

23  Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the

24  right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336)

25  shall also constitute a violation of this section".  Plaintiffs accordingly incorporate the entirety of

26  their above cause of action for violation of the Americans with Disabilities Act at §45, *et seq*., as

27  if repled herein.

28  ///

1    79.    As a legal result of the violation of plaintiff CRAIG YATES's  civil rights as

2  hereinabove described, plaintiff CRAIG YATES  has suffered general and statutory damages.

3    80.    Further, plaintiff CRAIG YATES suffered emotional distress (all to plaintiff's

4  damage according to proof, and incurred reasonable attorneys' fees and costs).  Plaintiffs CRAIG

5  YATES and DREES are entitled to the rights and remedies of §52(a) of the Civil Code, including

6  trebling of actual damages (defined by §52(h) of the Civil Code to mean "special and general

7  damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute, according to

8  proof if deemed to be the prevailing party.

9  **PRAYER:**

10    Plaintiffs pray that this court award damages and provide relief as follows:

11  **I.    PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A**
       **PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**
12     **DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101,** *et seq.***)**
       (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT,
13     EDUCATION, SERVICES:HELPING YOU HELP OTHERS. a California public benefit
       corporation, and Against Defendants CARMEN HERNANDEZ, RAFAEL
14     HERNANDEZ, CARMELITA HERNANDEZ-RIVERA, GERARDO RIVERA,
       individuals dba TEQUILA GRILL, inclusive)
15     (42 U.S.C. §12101, *et seq.*)

16    1.    For injunctive relief, compelling defendants CARMEN HERNANDEZ, RAFAEL

17  HERNANDEZ, CARMELITA HERNANDEZ-RIVERA, GERARDO RIVERA, individuals dba

18  TEQUILA GRILL , inclusive, to make the TEQUILA GRILL , located at 1350 East 14th Street,

19  San Leandro, California, readily accessible to and usable by individuals with disabilities, per 42

20  U.S.C §12181, *et seq.*, and to make reasonable modifications in policies, practice, eligibility

21  criteria and procedures so as to afford full access to the goods, services, facilities, privileges,

22  advantages and accommodations being offered.

23    2.    For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed

24  the prevailing party; and

25    3.    For such other and further relief as the court may deem proper.

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

II. **PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants CARMEN HERNANDEZ, RAFAEL HERNANDEZ, CARMELITA HERNANDEZ-RIVERA, GERARDO RIVERA, individuals dba TEQUILA GRILL , inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.    For injunctive relief, compelling defendants CARMEN HERNANDEZ, RAFAEL HERNANDEZ, CARMELITA HERNANDEZ-RIVERA, GERARDO RIVERA, individuals dba TEQUILA GRILL , inclusive, to make the TEQUILA GRILL , located at 1350 East 14th Street, San Leandro, California, readily accessible to and usable by individuals with disabilities, per state law.

2.    Statutory damages as afforded by Civil Code §54.3 for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation.

3.    Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5, if plaintiffs are deemed the prevailing party;

4.    Treble damages pursuant to Civil Code §54.3;

5.    For all costs of suit;

6.    Prejudgment interest pursuant to Civil Code §3291;

7.    Such other and further relief as the court may deem just and proper.

III. **PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***
(On Behalf of Plaintiff CRAIG YATES, and Against Defendants CARMEN HERNANDEZ, RAFAEL HERNANDEZ, CARMELITA HERNANDEZ-RIVERA, GERARDO RIVERA, individuals dba TEQUILA GRILL , inclusive),
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.    General and compensatory damages according to proof.

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**IV.  PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEO.***
(On Behalf of Plaintiffs CRAIG YATES  and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants CARMEN HERNANDEZ, RAFAEL HERNANDEZ, CARMELITA HERNANDEZ-RIVERA, GERARDO RIVERA, individuals dba TEQUILA GRILL , inclusive)
(Health & Safety code §19955, *et seq.*)

1.    For injunctive relief, compelling defendants CARMEN HERNANDEZ, RAFAEL HERNANDEZ, CARMELITA HERNANDEZ-RIVERA, GERARDO RIVERA, individuals dba TEQUILA GRILL , inclusive, to make the TEQUILA GRILL , located at 1350 East 14th Street, San Leandro, California, readily accessible to and usable by individuals with disabilities, per state law.

2.    For attorneys' fees pursuant to Code of Civil Procedure §1021.5 and/or, alternatively, Health & Safety Code §19953, if plaintiffs are deemed the prevailing party;

3.    For all costs of suit;

4.    For prejudgment interest pursuant to Civil Code §3291;

5.    Such other and further relief as the court may deem just and proper.

**V.  PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EOUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEO.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs CRAIG YATES  and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendants CARMEN HERNANDEZ, RAFAEL HERNANDEZ, CARMELITA HERNANDEZ-RIVERA, GERARDO RIVERA, individuals dba TEQUILA GRILL , inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.    All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation;

2.    Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the prevailing party;

3.    Treble damages pursuant to Civil Code §52(a);

4.    For all costs of suit;

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

26

5.    Prejudgment interest pursuant to Civil Code §3291; and

6.    Such other and further relief as the court may deem just and proper.

**VI.  PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff CRAIG YATES, and Against Defendants CARMEN HERNANDEZ, RAFAEL HERNANDEZ, CARMELITA HERNANDEZ-RIVERA, GERARDO RIVERA, individuals dba TEQUILA GRILL , inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.    General and compensatory damages to plaintiff CRAIG YATES according to proof.

Dated: _____8/6/08_____, 2008    THOMAS E. FRANKOVICH
*A PROFESSIONAL LAW CORPORATION*

By: _____
THOMAS E. FRANKOVICH
Attorneys for Plaintiffs CRAIG YATES and
DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

Dated: _____8/6/08_____, 2008    THOMAS E. FRANKOVICH
*A PROFESSIONAL LAW CORPORATION*

By: _____
THOMAS E. FRANKOVICH
Attorneys for Plaintiffs CRAIG YATES and
DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

27

# Exhibit A

Craig Yates
1004 Los Gamos Road, Unit 3
San Rafael, CA 94903

June 27, 2007

Manager - Tequila Grill
1350 East 14th St.
San Leandro, CA

Dear Manager of Tequila Grill:

I've been to the Tequila Grill a couple of times.. As I use a wheelchair, I had problems with, the doors, the tables, and the Men's room. I've used both the front and the rear doors. The door pressure is very high. It's too hard to open the doors. I couldn't get into the Men's Restroom. What I think you should do is reduce the door pressure. Maybe change out the front doors. Get one or two plastic tables that a wheelchair can get under. I don't know what you can do with the restroom but you should do as much as you can to make them accessible. I couldn't get in so I don't know if you could make one big restroom, or put in grab bars and thing like that. You need to look into this.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Tequila Grill once it's accessible to me. I may still come back before you do the work just because I like the place. If there is some problem doing this please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

Craig Yates

Craig Yates
1004 Los Gamos Road, Unit 3
San Rafael, CA 94903

June 27, 2007

Owner of the building for - Tequila Grill
1350 East 14th St.
San Leandro, CA

Dear Owner of the building forTequila Grill:

I've been to the Tequila Grill a couple of times.. As I use a wheelchair, I had problems with, the doors, the tables, and the Men's room. I've used both the front and the rear doors. The door pressure is very high. It's too hard to open the doors. I couldn't get into the Men's Restroom. What I think you should do is reduce the door pressure. Maybe change out the front doors. Get one or two plastic tables that a wheelchair can get under. I don't know what you can do with the restroom but you should do as much as you can to make them accessible. I couldn't get in so I don't know if you could make one big restroom, or put in grab bars and thing like that. You need to look into this.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Tequila Grill once it's accessible to me. I may still come back before you do the work just because I like the place. If there is some problem doing this please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

Craig Yates